The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN GASPAR, an individual,

    Plaintiff,

v.

TURN TECHNOLOGIES, INC., a Delaware Corporation, and RAHIER RAHMAN, and his marital community,

    Defendants.

Case No. 2:23-cv-01274-TSZ

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED COMPLAINT**

<u>Note on Motion Calendar:</u>
Friday, November 10, 2023

DEF'S REPLY IN SUPPORT OF MOTION TO DISMISS

CASE NO. 2:23-CV-01274-TSZ

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

**TABLE OF CONTENTS**

**PAGE**

I. INTRODUCTION .................................................................................................. 1

II. ARGUMENT ......................................................................................................... 1

    A. Plaintiff is Required to Plead Specific Facts Meeting the Elements of His Claims. ........................................................................................................ 1

    B. Plaintiff Fails To Show That The FAC Alleges A Violation Of The FCRA. ......... 2

        1. Plaintiff has not, and cannot, plausibly allege Turn procured a background report on him from a third-party CRA. .................................. 2

        2. Plaintiff has not, and cannot, plead a negligent or willful violation. ......... 3

            a. The FAC's allegations do not support a negligent violation. ........ 3

            b. Plaintiff fails to rebut the argument that he does not allege willfulness. ................................................................................... 4

    C. Plaintiff Fails To Show That The FAC Alleges A Violation Of The WFCRA. ..... 5

    D. Plaintiff Does Not Allege Wrongful Discharge As A Whistleblower. .................. 6

    E. It Is Unrefuted The Alleged Agreements Lack Mutual Assent To Essential Terms. ........................................................................................................ 9

    F. Plaintiff Does Not Rebut The Grounds For Dismissing His Statutory Wage Claims ......................................................................................................... 10

III. CONCLUSION ..................................................................................................... 12

DEF'S REPLY IN SUPPORT OF MOTION TO DISMISS - i
CASE NO. 2:23-CV-01274-TSZ

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Abbink v. Experian Info. Sols., Inc.*,
 No. SACV191257, 2019 WL 6838705 (C.D. Cal. Sept. 20, 2019) ................................. 3, 4, 5

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) .......................................................................................................... 2

*Bassett v. ABM Parking Servs.*,
 Inc., 883 F.3d 776 (9th Cir. 2018) ................................................................................... 4

*Bedeski v. Boeing Co.*,
 No. C14-1157RSL, 2014 WL 6452420 (W.D. Wash. Nov. 14, 2014) ........................... 11

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) .......................................................................................................... 2

*Blackman v. Omak Sch. Dist.*,
 No. 2:18-CV-0338-TOR, 2019 WL 2396569 (E.D. Wash. June 6, 2019) ........................ 8

*Bye v. Augmenix, Inc.*
 No. C18-1279-JCC, 2018 WL 5619029 (W.D. Wash. Oct. 30, 2018) ............................. 7

*Coulombe v. Total Renal Care Holdings, Inc.*,
 No. C06-504, 2007 WL 1367601 (W.D. Wash. May 4, 2007), *aff'd*, 298 F.
 App'x 617 (9th Cir. 2008) ............................................................................................. 11

*Dice v. City of Grand Coulee*,
 2012 WL 4793718 (E.D. Wash. Oct. 9, 2012) ............................................................... 11

*Frame-Wilson v. Amazon.com, Inc.*,
 591 F. Supp. 3d 975 (W.D. Wash. 2022) ......................................................................... 1

*Gladstone Tech., Partners, LLC v. Dahl*
 222 F. Supp. 3d 432 (E.D. Pa. 2016) ............................................................................. 11

*Johnson v. New Bern Transp. Corp.*,
 No. 18-CV-01232, 2020 WL 6736861 (W.D.N.Y. Nov. 17, 2020) ................................. 5

*Justice v. Rockwell Collins. Inc.*,
 117 F.Supp.3d 1119 (D. Or. 2015), *aff'd*, 720 F. App'x 365 (9th Cir. 2017) ................... 2

DEF'S REPLY IN SUPPORT OF MOTION TO DISMISS - ii
CASE NO. 2:23-CV-01274-TSZ

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

*Mattiaccio v. DHA Grp., Inc.*,
  87 F. Supp. 3d 169 (D.D.C. 2015)..................................................................................5

*In re Maxim Integrated Prod., Inc.*,
  No. C06-0334JW, 2007 WL 2745805 (N.D. Cal. July 25, 2007) ..............................9

*McDermott v. Potter*,
  No. C13-2011-MJP, 2014 WL 4635444 (W.D. Wash. Sept. 11, 2014), *aff'd*
  (Aug. 10, 2015).................................................................................................12

*Mighell v. Sonic Foundry, Inc.*,
  No. 2:00-cv-01319-RSL, Dkt. No. 80 (W.D. Wash. Mar. 6, 2002) .........................11

*Nayab v. Cap. One Bank (USA), N.A.*,
  942 F.3d 480 ...................................................................................................4

*O'Brien v. Microsoft Corp.*,
  No. 2:19-CV-01625-RAJ, 2020 WL 4734325 (W.D. Wash. Aug. 14, 2020) ........10

*Patel v. Facebook, Inc.*,
  932 F.3d 1264 (9th Cir. 2019) ...........................................................................4

*Roth v. CNR Prod., Inc.*,
  No. 20-CV-00256-BJR, 2020 WL 2334144 (W.D. Wash. May 11, 2020) .............9

*Rubio-Delgado v. Aerotek, Inc.*,
  No. 13-cv-3105, 2015 WL 3623627 (N.D. Cal. June 10, 2015).............................2

*Somers v. Apple, Inc.*,
  729 F.3d 953 (9th Cir. 2013) ...........................................................................1

*Swain v. CACH, LLC*,
  699 F.Supp.2d 1109 (N.D. Cal. 2009) ..............................................................2

*Syed v. M-I, LLC*,
  853 F.3d 492 (9th Cir. 2017) ...........................................................................4,5

*Weinstein v. Katapult Grp., Inc.*,
  No. 21-CV-05175-PJH, 2022 WL 137633 (N.D. Cal. Jan. 14, 2022)......................9

*Williams v. Telespectrum, Inc.*,
  No. 3:05CV853, 2006 WL 7067107 (E.D. Va. Nov. 7, 2006) ................................5

DEF'S REPLY IN SUPPORT OF MOTION TO DISMISS - iii
CASE NO. 2:23-CV-01274-TSZ

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

**State Cases**

*Bott v. Rockwell Int'l*,
    80 Wn. App. 326 (1996) ...................................................................................................7

*Briggs v. Nova Servs.*,
    166 Wn.2d 794 (2009) .....................................................................................................7

*Dicomes v. State*,
    113 Wn.2d 612 (1989) .....................................................................................................7

*Farnam v. CRISTA Ministries*,
    116 Wn.2d 659 (1991) .....................................................................................................8

*Handlin v. On-Site Manager Inc.*,
    187 Wn. App. 841 (2015) ................................................................................................6

*Karstetter v. King Cnty. Corr. Guild*,
    193 Wn.2d 672 (2019) .....................................................................................................8

*Keystone Land & Dev. Co. v. Xerox Corp.*,
    152 Wn.2d 171 (2004) ...............................................................................................9, 10

*Schachter v. Citigroup, Inc.*,
    218 P.3d 262 (Cal. 2009) ...............................................................................................11

*Schilling v. Radio Holdings, Inc.*,
    136 Wn.2d 152 (1998) .............................................................................................10, 11

**Federal Statutes**

15 U.S.C. § 1681b(b)(3)(A) ....................................................................................................4

FCRA, WFCRA and New York's Fair Chance Act ...............................................................7

**State Statutes**

RCW 19.182.005 *et seq.* .........................................................................................................6

RCW 19.182.020(2)(d) ...........................................................................................................6

RCW 49.48 ..............................................................................................................1, 10, 11

RCW 49.48.010 ....................................................................................................................11

RCW 49.48.082(10) ..............................................................................................................11

DEF'S REPLY IN SUPPORT OF MOTION TO DISMISS - iv
CASE NO. 2:23-CV-01274-TSZ

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

RCW 49.52 ............................................................................................................................ 1, 10, 11

RCW 49.52.070 ................................................................................................................. 11

2006 Wash. Legis. Serv. Chapter 89 .................................................................................. 11

**Other Authorities**

FTC Informal Staff Opinion Letter, Empl. Prac. Guide ¶ 5483 ......................................... 2

https://www.ftc.gov/business-guidance/resources/what-employment-background-
    screening-companies-need-know-about-fair-credit-reporting-act ........................... -3

DEF'S REPLY IN SUPPORT OF MOTION TO DISMISS - v
CASE NO. 2:23-CV-01274-TSZ

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

I.      INTRODUCTION

Defendants' Motion outlined the many reasons the FAC fails to allege facts—as opposed to legal conclusions—that plausibly support his claims. Plaintiff's Response fails to refute those arguments and instead demonstrates a fundamental misunderstanding of his pleading obligations and the substantive law underlying his claims.

Plaintiff's FCRA and WFCRA claims fail because, among other reasons, the FAC's factual allegations do not plausibly support an inference that Defendants procured a background report on Plaintiff from a third-party CRA. Setting aside the FAC's legal conclusions, its factual allegations suggest that, if anything, Turn permissibly performed its own internal investigation. Plaintiff's wrongful discharge claim fails because he does not allege facts that plausibly show the conduct he reported violated the letter or policy of any law or that he acted reasonably or for the public good. Unable to show that he alleges these requisite facts, Plaintiff incorrectly insists that he is not required to. Defendants established in their Motion that Plaintiff has not alleged the existence of a binding contract to pay him a bonus or stock share; Plaintiff fails to rebut either argument persuasively. Finally, Plaintiff fails to address most of the multiple grounds for dismissal of his claims under RCW 49.52 and RCW 49.48. Each of Plaintiff's claims is defective, and amendment is futile.

II.     ARGUMENT

**A.      Plaintiff is Required to Plead Specific Facts Meeting the Elements of His Claims.**

Plaintiff falsely asserts he "does not need to state facts supporting every element of his case in the Complaint." Resp. 9. The law is clear: it is the plaintiff's burden to plausibly allege ***facts*** that, taken as true, satisfy ***each element*** required to state a given claim. *See, e.g.*, *Frame-Wilson v. Amazon.com, Inc.*, 591 F. Supp. 3d 975, 994 n.3 (W.D. Wash. 2022). "Plausibility requires pleading facts, as opposed to conclusory allegations or the 'formulaic recitation of elements of a cause of action.'" *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013) (quoting *Bell Atl. Corp.*

DEF'S REPLY IN SUPPORT OF MOTION TO DISMISS - 1
CASE NO. 2:23-CV-01274-TSZ

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

*v. Twombly,* 550 U.S. 544, 555 (2007)).[1] Legal conclusions "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The FAC fails to satisfy the pleading standard that *Twombly* and *Iqbal* require.

### B. Plaintiff Fails To Show That The FAC Alleges A Violation Of The FCRA.

Defendants' initial brief showed that the FAC does not adequately plead a violation of section 1681b(b)(2)(A) because it does not plausibly allege (1) that Defendants "procured" a consumer report from a third-party CRA, or (2) a negligent or willful violation. Mot. 5-12. The Response misapprehends the difference between factual allegations and legal conclusions and mischaracterizes case law. Resp. 15-17.

#### 1. Plaintiff has not, and cannot, plausibly allege Turn procured a background report on him from a third-party CRA.

Plaintiff does not dispute, and thus concedes,[2] that section 1681(b)(2)(A) applies only to "employers who are procuring a privately run background check upon applicants or employees" from a third-party CRA, *Rubio-Delgado v. Aerotek, Inc.*, No. 13-cv-3105, 2015 WL 3623627, at *1 (N.D. Cal. June 10, 2015), not employers performing their own internal investigation. *See* FTC Informal Staff Opinion Letter, Empl. Prac. Guide ¶ 5483. Plaintiff instead argues that the Court must accept his conclusory allegation that Turn procures consumer reports from "third-party venders" (FAC ¶ 15) that are CRAs (*id.* ¶¶ 36-37). *See* Resp. 17. But whether a person meets the statutory definition of a CRA is a legal conclusion not entitled to any assumption of truth. *Iqbal*, 556 U.S. at 664; *cf. Swain v. CACH, LLC*, 699 F.Supp.2d 1109, 1112–13 (N.D. Cal. 2009) ("Plaintiff has merely alleged the legal conclusion that all Defendants are debt collectors without

---

[1] Plaintiff misreads the holding in *Twombly*. The cited section explained that the Supreme Court's holding—that a Plaintiff must allege facts necessary to state a plausible claim—did not run counter to its prior holding that an employment discrimination plaintiff is not required to "allege 'specific facts' *beyond* those necessary to state his claim." *Twombly*, 560 U.S. at 570 (emphasis added).

[2] *See Justice v. Rockwell Collins. Inc.*, 117 F.Supp.3d 1119, 1134 (D. Or. 2015), *aff'd*, 720 F. App'x 365 (9th Cir. 2017) ("[I]f a party fails to counter an argument that the opposing party makes ... the court may treat that argument as conceded.").

DEF'S REPLY IN SUPPORT OF MOTION TO DISMISS - 2
CASE NO. 2:23-CV-01274-TSZ

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

providing any supporting facts."). The alleged facts support the conclusion that the "venders" are data furnishers, not CRAs. Mot. 7-8.

Plaintiff concedes that Turn is an "employment screening" company (FAC ¶ 15), and regulators have confirmed that these companies are CRAs when they prepare background reports for third-party end-users.[3] Plaintiff does not dispute that CRAs obtain information from data sources, referred to as "furnishers," when the CRAs prepare reports for third parties. Mot. 7-8. Plaintiff's allegation that Turn contracts with "venders" to perform "criminal, employment, and motor vehicle checks" (FAC ¶ 31) must be viewed in light of Plaintiff's concessions. Given the admitted nature of Turn's business as a CRA, and that Plaintiff has not pled any other facts about these "venders," the only *plausible* inference from the *facts pled* is that these "venders" are furnishers under the FCRA, not CRAs preparing "consumer reports" for Turn. Plaintiff's failure to plausibly plead that Turn procured a consumer report on Plaintiff rather than using its own resources to conduct its own investigation is fatal to his FCRA claim.

### 2.    Plaintiff has not, and cannot, plead a negligent or willful violation.

#### a.    The FAC's allegations do not support a negligent violation.

Defendants' Motion established that the FAC fails to state a negligent FCRA violation for two independent reasons: (1) it lacks allegations that Defendant possessed a negligent mental state; and (2) it lacks allegations that Plaintiff sustained actual damages as required. Mot. 9-10.

Regarding the first ground, a "complaint must allege specific facts as to the defendant's mental state." *Abbink v. Experian Info. Sols., Inc.*, No. SACV191257, 2019 WL 6838705, at *5 (C.D. Cal. Sept. 20, 2019). The FAC is devoid of factual allegations that Turn acted negligently in allegedly running a background check on Plaintiff. The Response fails to address this argument (*see* Resp. 17-18) and thus concedes the FAC is deficient. *Supra* at n.2.

Regarding the second ground, Plaintiff argues a violation of the FCRA is a "concrete injury

---

[3] *See* https://www.ftc.gov/business-guidance/resources/what-employment-background-screening-companies-need-know-about-fair-credit-reporting-act.

DEF'S REPLY IN SUPPORT OF MOTION TO DISMISS - 3
CASE NO. 2:23-CV-01274-TSZ

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

by itself since it violates substantive rights." Resp. 17. But the cases Plaintiff cites concern whether a bare violation of the FCRA is a sufficient concrete injury to confer Article III standing—not whether it constitutes actual damages. *Patel v. Facebook, Inc.*, 932 F.3d 1264, 1267 (9th Cir. 2019) (considering whether a plaintiff alleged a "concrete injury-in-fact for purposes of Article III standing"); *Bassett v. ABM Parking Servs.*, Inc., 883 F.3d 776, 783 (9th Cir. 2018) (same); *Nayab v. Cap. One Bank (USA), N.A.*, 942 F.3d 480. 493 (9th Cir. 2019) (same). Indeed, in *Syed v. M-I, LLC*, a case that Plaintiff cites twice to support his erroneous point, the Ninth Circuit recognized that the plaintiff "would have required proof of actual harm" to seek "actual damages" for a violation of the FCRA, even though he "established Article III standing." 853 F.3d 492, 498-99 (9th Cir. 2017).

Nor does the allegation that Defendants "deprived him of his consumer report" plead actual damages. Resp. 18. An employer must provide an employee a copy of a background report only if it is taking an "adverse action" against him. 15 U.S.C. § 1681b(b)(3)(A). Far from alleging an adverse action, Plaintiff alleges Turn promoted him after running a background check. FAC ¶¶ 21, 48. Furthermore, the FAC does not allege that Defendants violated the FCRA by depriving him of his background report (*see* FAC ¶¶ 1-92), and Plaintiff "may not amend his pleading via his response brief." *O'Brien v. Microsoft Corp.*, No. 2:19-CV-01625-RAJ, 2020 WL 4734325, at *3 (W.D. Wash. Aug. 14, 2020).

### b.   Plaintiff fails to rebut the argument that he does not allege willfulness.

Plaintiff argues that he alleged willfulness by pleading that "Defendants procured consumer reports on Plaintiff from CRAs" without disclosure or authorization. Resp. 16. But these allegations say nothing about whether Turn **knew** it was violating the FCRA or acting **recklessly**. Plaintiff must allege facts supporting an inference that Turn's reading of the FCRA as allowing it to do a background check using the described "venders" without Plaintiff's consent was "objectively unreasonable." *Abbink*, 2019 WL 6838705, at *6. The FAC does not contain any such

DEF'S REPLY IN SUPPORT OF MOTION TO DISMISS - 4
CASE NO. 2:23-CV-01274-TSZ

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

allegations and is thus defective.[4]

Next, Plaintiff hyperbolically argues that the FAC alleged willfulness by claiming Turn violated the FCRA "multiple times." Resp. 17. Each case Plaintiff cites features systematic and repeated FCRA violations. *See Johnson v. New Bern Transp. Corp.*, No. 18-CV-01232, 2020 WL 6736861 (W.D.N.Y. Nov. 17, 2020) (noting "systematic" violations); *Williams v. Telespectrum, Inc.*, No. 3:05CV853, 2006 WL 7067107 (E.D. Va. Nov. 7, 2006) (noting the "repetitiveness or multiplicity of [the defendant's] conduct"); *Mattiaccio v. DHA Grp., Inc.,* 87 F. Supp. 3d 169, 183 (D.D.C. 2015) (noting a "systemic disregard for FCRA compliance"). The FAC's allegations that Defendants ran background checks on ***two*** employees in violation of a single section of the FCRA (FAC ¶¶ 48, 55) are nothing like these cases.

Plaintiff also relies heavily on *Syed*, claiming that the decision is the "most relevant binding authority." Resp. 16. But *Syed* supports Defendants' position. The Ninth Circuit held that § 1681b(b)(2)(A) "unambiguously bars [the defendant's] interpretation" of the law as permitting "the inclusion of a liability waiver in the statutorily mandated disclosure document." 853 F.3d at 504-05. Thus, despite a "dearth of guidance" on the liability waiver issue, the defendant ran an "unjustifiably high risk of violating the statute," such that its FCRA violation was willful. *Id.* at 506. Here, in contrast, there is no shortage of guidance on the issue of whether Defendants were required to provide notice or consent to Plaintiff: the statutory language, ample case law, and FTC guidance *support* Defendants' reading that the FCRA does not apply when an employer conducts its own internal investigation. Mot. 6-7. Defendants' reading is reasonable, and Plaintiff has not alleged willfulness as a matter of law.

C.     **Plaintiff Fails To Show That The FAC Alleges A Violation Of The WFCRA.**

Defendants' Motion established that Plaintiff's WFCRA claim is deficient for two separate reasons: (1) the WFCRA is inapplicable because Defendants did not procure a background report

---

[4] Plaintiff does not attempt to rely on other conclusory allegations such as "employment practices complained of in the above paragraphs were intentional" (FAC ¶ 87), and Defendants "willfully and recklessly violated the FCRA." *Id.* ¶ 77 (*see also* Resp. at 15-17).

DEF'S REPLY IN SUPPORT OF MOTION TO DISMISS - 5
CASE NO. 2:23-CV-01274-TSZ

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

from a third-party CRA (as explained on pages 2-4, *supra*); and (2) Plaintiff has not alleged the requisite elements of injury and causation. Mot. 13-14.[5]

Plaintiff argues that the FAC "established injury because consumer reports are a form of property under the CPA" and Defendants withheld "Plaintiff's consumer reports." Resp. 19. But the WFCRA does not require a person to provide a background report to a consumer. *See* RCW 19.182.020(2)(d). This fact also distinguishes the one case Plaintiff relies upon, *Handlin v. On-Site Manager Inc.*, 187 Wn. App. 841 (2015). While *Handlin* found that the plaintiffs stated an injury to property by alleging that the defendant delayed "the disclosure of [] requested information" in its files, the WFCRA required the defendant to provide written disclosures on request. *Id*. at 845-851 (citing, *e.g.*, RCW 19.182.070 (requiring that a "consumer reporting agency shall, upon request by the consumer, clearly and accurately disclose *** [a]ll information in the file on the consumer")). But, again, the WFCRA contains **no** requirement that Defendants provide Plaintiff his consumer report. *See* RCW 19.182.005 *et seq*. Nor does the FAC allege that Plaintiff requested any information from Defendants. *See* FAC ¶¶ 1-92.

### D. Plaintiff Does Not Allege Wrongful Discharge As A Whistleblower.

Defendants' Motion established that Plaintiff's wrongful discharge claim fails for multiple independent reasons. The claim based on reporting alleged illegal activity fails because: (1) Plaintiff's actions were unreasonable, given the degree of alleged wrongdoing; (2) the FAC does not allege facts supporting a plausible inference that Plaintiff was acting for the public good; and (3) the facts alleged do not support a plausible inference that the reported conduct violated the letter or policy of any law or regulation. *Id*. at 17-20. Plaintiff's arguments in response are disjointed and plainly wrong. *See* Resp. 11-15.

Plaintiff advocates for a broad application of the wrongful discharge tort, faulting Defendants for attempting to "narrow [its] scope." Resp. 13. But the Washington Supreme Court

---

[5] The FAC did not plead that Defendants failed to "provide written notice that a consumer report may be used for employment purpose." *Compare* Resp. at 18, *with* FAC ¶ 83.

DEF'S REPLY IN SUPPORT OF MOTION TO DISMISS - 6
CASE NO. 2:23-CV-01274-TSZ

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

has "always made clear that the tort of wrongful discharge … is a narrow exception to this employment at-will doctrine" that should be "applied cautiously." *Briggs v. Nova Servs.*, 166 Wn.2d 794, 801-02 (2009).

Plaintiff also repeatedly mischaracterizes or misconstrues what he must allege to state a claim for wrongful discharge.[6]

***First***, Plaintiff argues that "there is no requirement [he] allege an actual violation of the law" to state a whistleblower claim. Resp. at 11. This is false. In *Bye v. Augmenix, Inc.*, the court dismissed a wrongful discharge claim at the pleading stage because it did not "contain any allegations explaining how the misconduct Plaintiff reported violated the **letter or policy of a specific law or regulation**." No. C18-1279-JCC, 2018 WL 5619029 (W.D. Wash. Oct. 30, 2018) (emphasis added); *see also Bott v. Rockwell Int'l,* 80 Wn. App. 326, 335 (1996) (same). In reaching its decision, just like Defendants, the court cited *Dicomes v. State*, 113 Wn.2d 612 (1989) for the basic elements necessary to allege a whistleblower claim. *Id*. Plaintiff's attempts (*see* Resp. 12) to discredit *Dicomes*'s precedential value because of its procedural posture are ineffective.

Plaintiff's backup argument that the FAC ***does*** "allege[] that Defendants violated both the letter and policy" of the FCRA, WFCRA and New York's Fair Chance Act (Resp. 11) does not save his claim.[7] Plaintiff fails to allege a violation of the FCRA or WFCRA for the reasons discussed above and in Defendants' Motion. *Supra* at 2-6. Nor has Plaintiff alleged a violation of the local New York ordinance for the uncontested reasons outlined in Defendants' Motion (at 19). Plaintiff's wrongful discharge claim is subject to dismissal for these reasons alone.

---

[6] While the FAC attempts to allege a wrongful discharge claim based on two distinct actions: investigating and reporting alleged illegal conduct (FAC ¶ 80), Plaintiff now contends that both actions fall under a single whistleblowing claim. Resp. 13. The claim based on Plaintiff's alleged investigation fails regardless—because Plaintiff cannot satisfy the "Perritt" test, Mot. 15-17, an argument the Response (at 13) effectively concedes (*supra* at n.2), or for the same reasons the claim based on reporting fails.

[7] Plaintiff apparently concedes that he does not state a claim based on supposed violations of the smattering of other laws referenced int the FAC (e.g., HIPAA), as the Response fails to mention them or address Defendants' arguments for why they are inapplicable. *See* Mot. 16; *supra* n.2.

DEF'S REPLY IN SUPPORT OF MOTION TO DISMISS - 7
CASE NO. 2:23-CV-01274-TSZ

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

***Second***, Plaintiff incorrectly argues that a "'level of wrongdoing' analysis… does not exist under the law." Resp. at 12. In "determining if a discharged employee may **state a tort claim** for wrongful discharge" under the whistleblower exception, "the court examines 'the degree of alleged employer wrongdoing, together with the reasonableness of the manner in which the employee reported, or attempted to remedy, the alleged misconduct.'" *Farnam v. CRISTA Ministries*, 116 Wn.2d 659, 668-69 (1991) (quoting *Dicomes*, 113 Wn.2d at 619) (emphasis added). Plaintiff investigating and reporting an alleged FCRA violation to Turn's board was unreasonable as a matter of law for the reasons explained in Defendants' Motion. Mot. 18-19.

***Third***, Plaintiff argues that he is not required to allege that Plaintiff acted in furtherance of the public good. Resp. at 12. Again, Plaintiff is wrong. "To **state a cause of action**" under the whistleblower exception, a plaintiff "must have been seeking to 'further the public good, and not merely private or proprietary interests.'" *Farnam*, 116 Wn.2d at 671 (quoting *Dicomes*, 113 Wn.2d at 620).[8] Plaintiff alleges that he reported just "two non-consented" background reports, including one on himself (FAC ¶¶ 48, 55), and only ***after*** he became upset Rahman was supposedly bypassing him with instructions. *Id.* ¶ 61. Even assuming the conduct reported ***was*** a violation of the FCRA or WFCRA (it is not), Plaintiff's investigation and reporting of a background check supposedly run on one person other than himself at the very most ***remotely*** benefitted the public. And viewing the allegations as a whole, the facts suggest that Plaintiff was merely seeking to further his own interests. That is insufficient to support a whistleblowing claim. *Farnam*, 116 Wn.2d at 671.

Finally, no binding authority supports holding Rahman individually liable. To support individual liability, Plaintiff cites only the nonbinding case *Blackman v. Omak Sch. Dist.*, No. 2:18-CV-0338-TOR, 2019 WL 2396569, at *4 (E.D. Wash. June 6, 2019). That case is unpersuasive and reflects a minority view. *See* Mot. at 20 (collecting cases in other jurisdictions).

---

[8] Plaintiff's reliance on *Karstetter v. King Cnty. Corr. Guild*, 193 Wn.2d 672 (2019) is misplaced. The court simply found that the plaintiff adequately plead "subjective intent to further the public good" under Washington's more relaxed pleading standard. *Id.* at 685-86.

DEF'S REPLY IN SUPPORT OF MOTION TO DISMISS - 8
CASE NO. 2:23-CV-01274-TSZ

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

**E.     It Is Unrefuted The Alleged Agreements Lack Mutual Assent To Essential Terms.**

Plaintiff does not dispute that he asserts no breach of contract claims against Rahman. *See* FAC ¶ 2. The FAC does not sufficiently allege any breach of contract claim against Turn, either, because it does not allege facts supporting mutual assent to the necessary essential terms of the supposed oral agreements. Mot. at 21-23.

In response to the point that Plaintiff fails to allege mutual assent to the essential terms of a stock grant agreement, Plaintiff argues that "[w]hether or not the stock was common is immaterial"—without citing ***any*** supporting authority or attempting to distinguish Defendants' cited authority confirming that the "class of stock" *is* an essential term of a stock grant agreement, *see Weinstein v. Katapult Grp., Inc.*, No. 21-CV-05175-PJH, 2022 WL 137633, at *3 (N.D. Cal. Jan. 14, 2022). Resp. at 20. Moreover, Plaintiff pleaded himself out of court by alleging that Turn "already allocated" him stock shares. FAC ¶ 28. If true, and accepting the meaning Plaintiff accords "allocation,"[9] Turn has ***fulfilled*** its purported contractual obligation. And, tellingly, Plaintiff entirely glosses over his inability to keep his story straight: after alleging in the original complaint that Turn offered him a 3.5% stock ***option***, Plaintiff is suddenly adamant that Defendants actually agreed to grant him 3.5% stock "immediately" in July 2022. FAC ¶ 23. This unexplained about-face only serves to underscore that there was no mutual assent to the essential terms of a stock grant.

Plaintiff also fails to allege facts supporting any contractual obligation to pay him the alleged bonus. FAC ¶¶ 22-30. Plaintiff's attempts to distinguish *Roth* and *Keystone* on their facts do not change the legal principles demonstrated by their holdings: a contract claim fails if a

---

[9] Plaintiff is confusing concepts. The term "allocation" typically refers to stock options in the context of an employee stock option plan, which will vest in the future, at which point the employee can exercise the options to buy shares of company stock. *E.g., In re Maxim Integrated Prod., Inc.*, No. C06-0334JW, 2007 WL 2745805, at *1 (N.D. Cal. July 25, 2007) ("shareholders have approved a series of stock option plans, each of which provides for the allocation of stock options"). The term is not generally used to describe the outright transfer of stock.

DEF'S REPLY IN SUPPORT OF MOTION TO DISMISS - 9
CASE NO. 2:23-CV-01274-TSZ

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

material term is lacking or the terms are indefinite. *Roth v. CNR Prod., Inc.*, No. 20-CV-00256-BJR, 2020 WL 2334144, at *3 (W.D. Wash. May 11, 2020), and *Keystone Land & Dev. Co. v. Xerox Corp.,* 152 Wn.2d 171, 177-78 (2004). The supposed bonus agreement is both lacking a material term and indefinite because, as alleged, there was no agreement as to whether Plaintiff had to remain employed at the time Turn acquired additional investor funding.[10]

The Response also improperly purports to insert two new claims—a claim for promissory estoppel and a claim for breach of a written agreement to provide Plaintiff a $65,000 raise upon the closing of Series A. Resp. 20, 21. Both claims fail because they appear nowhere in the FAC. *O'Brien,* 2020 WL 4734325, at *3.[11]

### F. Plaintiff Does Not Rebut The Grounds For Dismissing His Statutory Wage Claims

Plaintiff attempted to allege claims for lost wages under RCW 49.52 and RCW 49.48. FAC ¶¶ 74, 86. Defendants' Motion highlighted *seven* separate reasons the FAC does not adequately allege these claims. Mot. 23-25. Plaintiff does not address most of Defendants' arguments or differentiate between his wage withholding claims. *See* Resp. 21-22. And the arguments he does make are unavailing.

First, Plaintiff does not dispute that the FAC fails to allege Defendants willfully withheld a bonus or stock. *See* Resp. 21-22. Nor does he explain how the FAC could plausibly do so, given there is clearly a "bona fide" dispute as to "whether all or a portion of the wages must be paid." *Schilling v. Radio Holdings, Inc.*, 136 Wn.2d 152, 161 (1998). Instead, Plaintiff cites *Schilling* for the proposition that "[a] wrongful discharge should be analogized to a willful act." Resp. 21. *Schilling* neither supports this assertion nor advances Plaintiff's claims. *Schilling* considered if an

---

[10] Plaintiff's theory that he would not "receive two promotions and added responsibility without some sort of compensation" (Resp. at 21) does not make his allegations any more plausible. Plaintiff says nothing of his salary, or the fact that stock options and conditional bonuses are benefits, even if they do not automatically create a binding contractual obligation.

[11] Although the FAC references the $65,000 raise, it does not allege any associated breach. *See* Mot. 3.

DEF'S REPLY IN SUPPORT OF MOTION TO DISMISS - 10
CASE NO. 2:23-CV-01274-TSZ

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

"employer who fails to pay an employee's back wages, because of alleged financial inability to do so, willfully withhold such wages." *Id*. at 154. In discussing this issue, the court confirmed that "[t]he critical determination in a case under RCW 49.52.070 … is whether the employer's failure to pay wages was 'willful.'" *Id*. at 159. Plaintiff's claim under RCW 49.52 cannot survive dismissal due to the FAC's failure to allege willfulness.

None of the three cases Plaintiff cites for his argument that "[s]tock is a form of wages" support his position. *Id*. at 22. In holding that "shares due … constituted wages," the unpublished decision in *Mighell v. Sonic Foundry, Inc*., No. 2:00-cv-01319-RSL, Dkt. No. 80, at 11 (W.D. Wash. Mar. 6, 2002), noted that RCW 49.48 "does not include a definition of wages." *Id*. Since then, in 2006, the Legislature added a definition of "wages" to RCW 49.48: "compensation due to an employee … payable in legal tender." RCW 49.48.082(10); 2006 Wash. Legis. Serv. Ch. 89. Stock does not "qualify as wages payable in legal tender." *Coulombe v. Total Renal Care Holdings, Inc*., No. C06-504, 2007 WL 1367601, *7 n. 8 (W.D. Wash. May 4, 2007), *aff'd*, 298 F. App'x 617 (9th Cir. 2008). *Gladstone Tech., Partners, LLC v. Dahl* 222 F. Supp. 3d 432, 439 (E.D. Pa. 2016) does not address whether stock is considered wages under RCW 49.48. And *Schachter v. Citigroup, Inc*., 218 P.3d 262, 268 (Cal. 2009) merely notes in *dicta* that "shares of restricted stock … constituted a wage" under California's wage statute.

Plaintiff makes three other erroneous points. *First*, he says he is "owed wages" due to his alleged wrongful discharge. Resp. 22. However, "a wrongfully-terminated employee may not recover lost wages" under RCW 49.52, *Bedeski v. Boeing Co.,* No. C14-1157RSL, 2014 WL 6452420, at *6 (W.D. Wash. Nov. 14, 2014), given that the statute "applies only when an employer has a pre-existing duty under contract or statute to pay a specific compensation," *Dice v. City of Grand Coulee*, 2012 WL 4793718, at *8 (E.D. Wash. Oct. 9, 2012) (citing RCW 49.52.050). Similarly, RCW 49.48 only covers "wages due" "[w]hen any employee shall cease to work for an employer." RCW 49.48.010. *Second*, Plaintiff claims that "RCW 49.48 is the basis of attorney's fees under a wrongful discharge." Resp. 22. But merely seeking attorney's fees fails to allege a

DEF'S REPLY IN SUPPORT OF MOTION TO DISMISS - 11
CASE NO. 2:23-CV-01274-TSZ

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

violation of RCW 49.48. *Third*, Plaintiff claims the FAC "pled that he is owed the bonus when he took the job." Resp. 22. This is simply untrue: the "bonus was to be paid upon additional funding" allegedly obtained after Plaintiff's termination. *See* FAC ¶¶ 25, 69, 73.

Plaintiff has not alleged a violation of the wage withholding statutes.

### III.   CONCLUSION

For the reasons stated here and in the initial brief, Defendants respectfully request that the Court dismiss the FAC in its entirety and with prejudice. Plaintiff had a chance to cure the deficiencies in his pleading, and it is plain those defects cannot "be cured with additional allegations that are consistent with the challenged pleading and that do not contradict the allegations in the original complaint." *McDermott v. Potter*, No. C13-2011-MJP, 2014 WL 4635444, at *4 (W.D. Wash. Sept. 11, 2014), *aff'd* (Aug. 10, 2015) (quotation marks and citation omitted).

### LCR 7(e)(2) CERTIFICATION

I certify that the foregoing memorandum contains 4,197 words in compliance with the Local Civil Rules.

Dated this 13th day of November, 2023.

| LITTLER MENDELSON, P.C. | McNAUL EBEL NAWROT & HELGREN PLLC |
|---|---|
| */s/ Alyesha Asghar Dotson*<br>Alyesha Asghar Dotson, WSBA #55122<br>aasghar@littler.com<br>Jordan Wada, WSBA #54937<br>jwada@littler.com<br>One Union Square<br>600 University Street, Suite 3200<br>Seattle, WA 98101.3122<br>Telephone:   206.623.3300<br>Facsimile:   206.447.6965<br><br>*Attorneys for Defendant*<br>*Turn Technologies, Inc.* | */s/ Anna F. Cavnar*<br>*(via email authorization)*<br>Anna F. Cavnar, WSBA No. 54413<br>600 University Street, Suite 2700<br>Seattle, Washington 98101<br>Phone: (206) 467-1816<br>Fax: (206) 624-5128<br>Email: acavnar@mcnaul.com |

DEF'S REPLY IN SUPPORT OF MOTION TO DISMISS - 12
CASE NO. 2:23-CV-01274-TSZ

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

MAYER BROWN LLP

*/s/Charles E. Harris, II*
*(via email authorization)*
Charles E. Harris, II, admitted *pro hac vice*
71 South Wacker Drive
Chicago, Illinois 60606-4637
Tel: (312) 782-0600
Email: charris@mayerbrown.com
Elisabeth M. Anderson, admitted *pro hac vice*
333 S. Grand Ave 47th Floor
Los Angeles, California 90071
Tel: (213) 229-9500
Email:  eanderson@mayerbrown.com

*Attorneys for Defendants*
*Turn Technologies, Inc., and Rahier Rahman*

DEF'S REPLY IN SUPPORT OF MOTION TO DISMISS - 13
CASE NO. 2:23-CV-01274-TSZ

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

# CERTIFICATE OF SERVICE

I am a resident of the State of Washington, over the age of eighteen years, and not a party to the within action. My business address is One Union Square, 600 University Street, Suite 3200, Seattle, WA 98101. I hereby certify that on November 13, 2023, I electronically filed the foregoing document titled ***Defendants' Reply In Support of Motion to Dismiss First Amended Complaint*** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF system participants:

| **Plaintiff's Counsel of Record** | **Defendants' Co-Counsel** |
|---|---|
| Michael J. Mohan, WSBA #54449<br>Scott Crispin Greco Blankenship, WSBA #21431<br>BLANKENSHIP LAW FIRM, PLLC<br>1000 Second Avenue, Suite 3250<br>Seattle, Washington 98104<br>Tel: 206.735.3646<br>Tel: 206.343.8700<br>mmohan@blankenshiplawfirm.com<br>sblankenship@blankenshiplawfirm.com | Anna F. Cavnar, WSBA #54413<br>Kyle C. Hansen, WSBA #59688<br>McNAUL EBEL NAWROT & HELGREN PLLC<br>600 University Street, Suite 2700<br>Seattle, Washington 98101<br>Tel: 206.467.1816<br>Fax: 206.624.5128<br>acavnar@mcnaul.com<br>khansen@mcnaul.com<br><br>Charles E. Harris, II, admitted *pro hac vice*<br>MAYER BROWN LLP<br>71 South Wacker Drive<br>Chicago, Illinois 60606-4637<br>Tel: 312.782.0600<br>charris@mayerbrown.com<br><br>Elisabeth M. Anderson, admitted *pro hac vice*<br>MAYER BROWN LLP<br>333 Grand Ave 47th Floor<br>Los Angeles, California 90071<br>Tel: 213.229.9500<br>eanderson@mayerbrown.com |

I certify under penalty of perjury under the laws of the United States and of the State of Washington that the foregoing is true and correct. Dated this 13th day of November, 2023.

/s/ Noemi Villegas
Noemi Villegas, Legal Secretary
NVillegasDiaz@littler.com
**LITTLER MENDELSON, P.C.**

4889-3773-3776.1 / 122775-1001

DEF'S REPLY IN SUPPORT OF MOTION TO DISMISS - 14
CASE NO. 2:23-CV-01274-TSZ

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300