UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRIAN GASPAR,

        Plaintiff,

v.

TURN TECHNOLOGIES INC; and RAHIER RAHMAN,

        Defendants.

C23-1274 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge.

(1) Plaintiff's motion to dismiss Defendant's counterclaims, docket no. 43, is GRANTED in part and DENIED in part as follows:

    (a) **Fraudulent Inducement:** Plaintiff moves to dismiss Defendant Turn Technologies, Inc.'s ("Turn") fraudulent inducement counterclaim because "resume fraud" is not a basis for a fraudulent inducement cause of action. Pl.'s Mot. at 5–6 (docket no. 43 at 7–8). In Washington, however, misrepresentations made on a resume and during the hiring process can support a claim of fraud. Lite & Rite, Inc. v. Nathwani, 88 Wn. App. 1007, 1997 WL 677977, at *2–3 (1997). Plaintiff also moves to dismiss Defendant Turn's fraudulent inducement counterclaim for failing to meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b). Pl.'s Mot. at 5–6 (docket no. 43 at 7–8). Defendant Turn alleges that Plaintiff falsely represented that he worked for Amazon, which Defendant Turn relied on when deciding to hire Plaintiff, even though he had allegedly been fired by Amazon. Defs.' Answer & Counterclaims at ¶¶ 11–15 & 44–51 (docket no. 37 at 19–20 & 24–25). Defendant Turn further alleges that

it would not have hired Plaintiff had it known Plaintiff was allegedly fired from Amazon. Id. at ¶ 50 (docket no. 37 at 24). Defendant Turn's allegations satisfy 9(b)'s heightened pleading standards. Thus, Plaintiff's motion to dismiss Defendant Turn's fraudulent inducement counterclaim is DENIED.

(b)     **Fraudulent Misrepresentation**: Plaintiff moves to dismiss Defendant Turn's fraudulent misrepresentation counterclaim for failing to meet 9(b)'s heightened pleading standard.[1] Pl.'s Mot. at 7–9 (docket no. 43 at 9–11). Defendant Turn alleges that, between July 2021 and November 2022, Plaintiff made misrepresentations as to the "Ready" database, which was a project Plaintiff worked on while employed by Defendant Turn. Defs.' Answer & Counterclaims at ¶¶ 22–34 & 52–58 (docket no. 37 at 21–22 & 25). Defendant Turn's allegations are vague and do not satisfy 9(b)'s heightened pleading standard. In re Cray Inc., 431 F. Supp. 2d 1114, 1129 (W.D. Wash. 2006) ("In general, Rule 9(b) requires fraud allegations to include 'the who, what, when, where, and how of the misconduct alleged.'") (quoting Vess v. Ciba-Geigy Corp., USA, 317 F.3d 1097, 1106 (9th Cir. 2003))). Thus, Plaintiff's motion is GRANTED in part, and Defendant's fraudulent misrepresentation counterclaim is DISMISSED without prejudice and with leave to amend.

(c)     **Breach of Fiduciary Duty**: Plaintiff moves to dismiss Defendant Turn's breach of fiduciary duty counterclaim because he was not a "corporate officer" under Delaware law and therefore did now owe a fiduciary duty to Defendant Turn. Pl.'s Mot. at 9 (docket no. 43 at 11). Defendant Turn argues that even if its bylaws did not give its President/CEO the power to appoint corporate officers, Plaintiff was a *de facto* officer. Defs.' Resp. at 13–15 (docket no. 44). As Defendant Turn points out, "formality is not required for fiduciary status" in Delaware, which recognizes the *de facto* officer doctrine. Harris v. Harris, 289 A.3d 310, 331 (Del. Ch. 2023). Delaware, however, applies "a strict test when determining whether someone can be held liable as a *de facto* officer." Id. The Court declines to dismiss Defendant Turn's breach of fiduciary counterclaim at this stage. The Court will, however, apply the necessary Delaware law to determine whether Plaintiff can be held liable as an officer at the summary judgment stage. Plaintiff's motion to dismiss Defendant Turn's breach of fiduciary duty counterclaim is DENIED.

---

[1] Defendant Turn does not argue that 9(b)'s heightened pleading standards do not apply to its fraudulent misrepresentation counterclaim.

MINUTE ORDER - 2

(d) **Conversion:** Plaintiff moves to dismiss Defendant Turn's conversion counterclaim because he was an employee with no power to deprive Defendant Turn or its CEO of anything. Pl.'s Mot. at 11 (docket no. 43 at 13). Defendant, however, alleges that Plaintiff "controlled access to Turn's business intelligence and software," "refused to provide Turn access to its data," and "exercised improper dominion and control over Turn's finances in excess of his authority." Defs.' Answer & Counterclaims at ¶¶ 29 & 67 (docket no. 37 at 22 & 26). Defendant Turn has alleged necessary facts in support of its counterclaim for conversion. Thus, Plaintiff's motion to dismiss Defendant Turn's conversion counterclaim is DENIED.

(e) **Breach of Contract:** Plaintiff moves to dismiss Defendant Turn's breach of contract counterclaim, arguing that Defendant does not allege that Plaintiff improperly used proprietary information or that Defendant Turn suffered any injury. Pl.'s Mot. at 12 (docket no. 43 at 14). Defendant Turn, however, alleges that Plaintiff breached his duties imposed under the Employee Proprietary Information and Invention Assignment Agreement ("PIIAA"), "including by failing to hold Turn's Proprietary Information in strict confidence during his employment, not returning all of Turn's property after his employment ended, refusing to deliver a PIIAA Certificate, and refusing to return or destroy Turn's Proprietary Information on Turn's request," which caused compensatory damages. Defs.' Answer & Counterclaims at ¶¶ 72 & 73 (docket no. 37 at 26–27). Thus, Plaintiff's motion to dismiss Defendant Turn's breach of contract counterclaim is DENIED.

(2) Defendant Turn shall file any amended fraudulent misrepresentation counterclaim on or before August 16, 2023.

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 22nd day of July, 2024.

Ravi Subramanian
Clerk

s/Laurie Cuaresma
Deputy Clerk

MINUTE ORDER - 3